UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | No. 2:25-mj-00077-KFW-1 |
| ) | |
| **KULMIYE ABUKAR IDRIS,** ) | |
| ) | |
| **Defendant** ) | |

**ORDER ON MOTION FOR PRODUCTION OF DISCOVERY**

In this criminal matter, the Defendant is charged by complaint with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). *See* Complaint (ECF No. 1). At a preliminary hearing on March 4, 2025, the Defendant requested that I continue the hearing and order the Government to produce all statements—including those contained in body camera footage and reports from state law enforcement—relied upon in an affidavit signed by Special Agent Patrick Crogan that the Government submitted in lieu of live testimony to support a probable cause determination. *See* Oral Motion for the Production of Discovery (ECF No. 25); Defendant's Reply (ECF No. 24) at 5; Affidavit of Patrick Crogan (ECF No. 1-1) ¶ 3. I continued the hearing and, after further briefing and argument, issued an order (ECF No. 26) from the bench on March 12, 2025, denying the Defendant's motion. This written order now follows to memorialize my analysis.

The Defendant contends that the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2 entitle him to the requested discovery because an affidavit, like

1

live testimony, introduces testimonial statements, and the Government's choice to proceed by affidavit alone should not undercut his access to material necessary to test the validity of the evidence submitted at hearing to establish probable cause. *See* Defendant's Reply at 1-2, 5. In response, the Government argues that neither the Jencks Act nor Rule 26.2 requires the production of statements made or adopted by a non-testifying witness. *See* Government's Opposition (ECF No. 19.) at 2-3.

The Government's argument wins out. The Jencks Act, which has been incorporated into the Federal Rules of Criminal Procedure by way of the largely identical Rule 26.2, expressly dictates that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Indeed, it is only "[a]fter a witness called by the United States has testified on direct examination" that the court must, "on motion of the defendant, order the United States to produce any statement in [its] possession . . . which relates to the subject matter" of the witness's testimony. *Id.* § 3500(b); *see also* Fed. R. Crim. P. 26.2(a). In this context, a "statement" is defined to mean "a written statement made . . . signed or otherwise adopted or approved by" the witness. 18 U.S.C. § 3500(e)(1); *see also* Fed. R. Crim. P. 26.2(f)(1).

The Defendant points to no authority contradicting a plain language reading of the Jencks Act and Rule 26.2, much less extending the production requirement therein to statements in affidavits by non-testifying witnesses. Consequently,

2

because Special Agent Crogan did not take the stand, I need not reach the issue of whether the Jencks Act and Rule 26.2 require me to order the Government to produce for preliminary hearing all statements from the body camera footage and state law enforcement reports that he "adopted or approved" in his affidavit. 18 U.S.C. § 3500(e)(1); *see United States v. Schier*, 438 F.3d 1104, 1112 (11th Cir. 2006) ("Plainly, the Jencks Act does not apply to the statements of non-testifying witnesses."); *United States v. Tarantino*, 846 F.2d 1384, 1417 (D.C. Cir. 1988) (explaining that the Jencks Act "does not provide for the discovery of statements by government witnesses prior to their actual testimony" or "statements by potential witnesses who in fact do not ultimately testify"); *Hanks v. United States*, 388 F.3d 171, 173 ("The underlying purpose of the [Jencks] Act is to protect government files from unwarranted disclosure and to require the government, after a witness has testified, to make available to an accused for impeachment purposes, statements of the witness which it has in its possession.").

For these reasons, and for the reasons stated on the record at hearing, the Defendant's motion for the production of discovery is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Criminal Procedure 59(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated: March 17, 2025

/s/ Karen Frink Wolf  
United States Magistrate Judge