UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff        )
                             )
v.                           )        No. 2:25-mj-00077-KFW-1
                             )
KULMIYE ABUKAR IDRIS,        )
                             )
            Defendant        )

## ORDER OF PROBABLE CAUSE

This matter came before me on March 4, 2025, and again on March 12, 2025, for a preliminary hearing pursuant to Fed. R. Crim. P. 5.1.[1]  The Defendant, who is charged by complaint with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), *see* Complaint (ECF No. 1), appeared with counsel. The Government submitted an affidavit signed by Special Agent Patrick Crogan from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) to support a finding of probable cause.  *See* Affidavit of Patrick Crogan (ECF No. 1-1) ¶¶ 1-14.

Probable cause is assessed based on the totality of the circumstances. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).  In the context of a preliminary hearing, "[p]robable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to entertain a reasonable belief of the accused's guilt."  *Coleman v. Burnett*, 477 F.2d 1187, 1202 (D.C. Cir. 1973); *see also United States v. Hardy*, 640 F. Supp. 2d 75, 77 (D. Me. 2009).  A magistrate judge must make a judgment that

---

[1] I continued the hearing on March 4, 2025, at the Defendant's request, to resolve a discovery dispute. *See* Order on Motion to Produce Discovery (ECF No. 27).

the charges are not capricious and are sufficiently supported to justify further steps in the criminal process. *See Jaben v. United States*, 381 U.S. 214, 224-25 (1965).

To find probable cause, I must determine whether, considering the totality of the circumstances, the Government has offered evidence sufficient to establish that (1) the defendant was previously convicted of a crime punishable by over one year of imprisonment; (2) the defendant knew he possessed a firearm and that he belonged to the relevant category of persons barred from possessing a firearm (here, a felon); and that (3) the firearm traveled in or affected interstate commerce. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(8); *Rehaif v. United States*, 588 U.S. 225, 227 (2019).

The persuasive evidence, presented through Special Agent Crogan's affidavit, includes the following. In February 2024, the Defendant was convicted in state court of gross sexual assault and sentenced to eight years imprisonment, all but forty-two months suspended, followed by four years of probation. *See* Crogan Aff. ¶ 12. During a January 2025 traffic stop, local law enforcement found a firearm beneath the Defendant's driver's seat after he told them that his registered handgun was in the vehicle. *See id.* ¶¶ 9-10. State law enforcement later learned through a criminal records inquiry that the Defendant's bail conditions prohibited him from possessing a firearm. *See id.* ¶ 6. Finally, an ATF Interstate Nexus Expert determined that the firearm recovered from the Defendant's vehicle was manufactured outside of Maine and had traveled in or affected interstate commerce. *See id.* ¶ 11.

The Defendant challenges the Government's proof that he was aware that he had been convicted of a felony or that his status as a felon barred him from possessing

firearms.  Specifically, the Defendant asserts that because he was out on bail when the traffic stop occurred, pending appeal of his felony conviction, he did not understand that his conviction and firearm prohibition were still in effect.

This argument is unavailing.  The Government is not required to prove the Defendant's specific knowledge that it was illegal for him to possess a firearm; rather, it need only prove that, at the time he possessed the firearm, he knew he had been convicted of a crime punishable by over a year of imprisonment. *See United States v. Bryant*, 976 F.3d 165, 172-73 (2d Cir. 2020).  The fact that the Defendant appealed his conviction—which saddled him with an eight year sentence of imprisonment—does not contradict his knowledge of it.

For these reasons, and for the reasons detailed on the record at the conclusion of the March 12, 2025, portion of the preliminary hearing, I found that the Government met its burden of demonstrating probable cause.

### *NOTICE*

*In accordance with Federal Rule of Criminal Procedure 59(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated: March 17, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge